Gaston, Judge.
 

 We entirely approve of the opinion expressed by his Honor below. When lands are conveyed to husband and wife, they have not a joint estate, but they hold by entireties. Being in law but one person, they have each the whole estate as one person; and on the death of either of them, the whole estate continues in the survivor. This was settled, at least as far back as the reign of Edward the 3rd, as appears from the case on the petition of John Hawkins, as the heir of Joan Ocle, quoted by Lord Coke, 1 Inst. 187 a. (See
 
 Buck
 
 v.
 
 Andrews,
 
 2 Vern. 120.
 
 Doe on dem. Freestone
 
 v.
 
 Parratt,
 
 5 Term Rep. 652.) Our act of 1784, (see 1
 
 Rev. Stat.
 
 c. 43, sec. 2,) declaring, that in estates held in joint-tenancy, “ the part or share” of the person first dying shall not go to the survivor, but to the heirs or assignees respectively of the tenant so dying, has no application to a case of this kind. The husband and wife were not joint-tenants, nor had either any
 
 share
 
 to go to the survivor, or to the heir or assignee of the one dying first.
 

 The judgment is to be affirmed.
 

 Per Curiam. Judgment affirmed.