The judgment of the court below is in conformity with the decision of this Court in Motley v. Whitmore, 19 N.C. 537, and is certainly correct. The contrary view arises, we suppose, from a misapplication to the case of the statute in relation to estates held in joint tenancy, Rev. Code, ch. 43, s. 2, where it is declared that in cases of estate held in joint tenancy the part or share of a tenant dying shall not go to the surviving tenant, but to the heir of the deceased.
Lyman Woodford and his wife, Jane, were not joint tenants, and neither had a part or share to go to the heir or assignee of the one dying first. When land is conveyed to a husband and wife, they hold by entireties. "Being in law but one person, they have each the whole estate as one person, and on the death of either of them the whole estate continues in the survivor."
This has been long established as the rule governing cases of this kind, as will be seen by reference to the authorities cited in Motley v.Whitmore.
Affirmed.
Cited: Hancock v. Wooten, 107 N.C. 15; Harrison v. Ray, 108 N.C. 216;Stamper v. Stamper, 121 N.C. 254; Ray v. Long, 132 N.C. 896. *Page 144