Manly J.
The judgment of the Court helow is in conformity with the decision of this Court in the case of Den on demise of Mabley vs. Whitmore, 2 Dev. and Bat., 537, and is certainly correct. The c ¡ntrary view arises, we suppose, from a misapplication to the case of the statute in relation to estates held in joint tenancy, Rev. Code, ch. 43p s. 2, where it is declared that in cases of estafes hold in joint tenancy, the part or share of a tenant djHtigj shall not go to the surviving tenant, but to the heir of the deceased.
Lyman Woodford and his wife Jane were not joiut tenants, and n«ither had a part or share to go to the heir or *238 ' assignee of the one dying- first. When land is conveyed to a husband and wife, they hold by entireties. “ Being in law but-one person, they have,each the whole estate as one person, .and on the death of cither of them the whole estate continues in the survivor.”
This has been lonn established as the rule governing' cases of this kind, as will be seen by reference to the authorities cited in the case of Malby vs. Whitmore.
Let the judgment be affirmed.