## MARTHA TIMMONS *v.* NOAH WESTMORELAND.

Where the gravamen of the plaintiff's complaint is that the execution of a certain deed was procured by fraud and undue influence, it is error to submit to the jury issues which involve matters of evidence only tending to establish or deny the main issue.

(*Lea* v. *Pearce*, 68 N. C. Rep. 76, cited and approved.)

CIVIL ACTION, tried before *Wilson, J.,* at Fall Term, 1874, STOKES Superior Court.

This was an action originally commenced by Polly Timmons against the defendant Noah Westmoreland to cancel a deed which the defendant, as the plaintiff alleged, had procured her to execute, by false representations,' and the use of improper influences. There was evidence tending to prove the following allegations:

The plaintiff was tenant in common with her sister Martha Timmons, of a tract of land in Stokes county, subject to the dower of the widow of Isaac Timmons. She was an illiterate woman and very ignorant. The defendant, as the plaintiff, alleged, induced her to believe that he was her best friend, and persuaded her that the best thing she could do with her land was to convey it to him, subject to the life estate of plaintiff, and in consideration thereof he would take care of the plaintiff and her father for their lives. The plaintiff agreed to this proposition, and shortly afterwards the defendant came by the house of the plaintiff, and at his solicitation she went with him some distance from the house, where she met one John W. Westmoreland, a nephew of the defendant, and thereupon the defendant produced a paper writing, which he had told the plaintiff contained their agreement. The plaintiff alleged, that believing the statement of the defendant, she signed the paper in the presence of the defendant and his nephew. That the paper was not read to her nor did she have any intimation of what it contained until sometime after, when she was informed that she had conveyed to the defendant all her interest in the land.

The plaintiff farther alleged that she had received no consideration for the land.

The defendant alleged that prior to the purchase of the land, from time to time he was applied to by the plaintiff, when in necessitous circumstances, for the necesaries of life, for aid in the way of money, and otherwise for the supply of her wants; and from time to time, when so applied to, he furnished her with money to buy provisions, and at one time let her have one hundred and four dollars; and that these advancements

were made with the understanding that he was to be paid or secured as to them, by a sale of the land to defendant, and that under this agreement he made advances, amounting in all to two hundred dollars; that plaintiff had nothing to reimburse defendant's advances, that he desired to buy the land and thus secure himself, that he did not apply to her and proposed to take her; and for his debt, allow her to live on the land, and that he would employ her to cook for his laborers. That when the deed was prepared, the plaintiff named a witness herself, a kinsman of plaintiff and also of defendant, as a person who should witness the deed, and desired him to be present at the time and place appointed for that purpose, that at her request the defendant so notified him, that he attended ; that the deed was read to plaintiff or at least all of the material parts, and fully explained by the said witness, and that she freely and voluntarily executed the same, and that plaintiff understood what she was doing.

At Fall Term, 1872, the death of the plaintiff was suggested and Martha Timmons made plaintiff.

At Fall Term, 1874, the plaintiff presented the following issues, to-wit:

1. Was Polly Timmons induced by the false and fraudulent representations of the defendant to execute the deed ?

2. Did Polly Timmons freely execute the deed, knowing at the time that it was a deed conveying away her estate in the land ?

3. Was the deed read over to Polly Timmons ?

4. Was there any consideration paid therefor, and if so how much ?

5. What was the value of Polly Timmons' interest in the land encumbered by the dower?

The following issues were presented by the defendant, to wit :

1. Is Polly Timmons dead?

2. Is the father of Polly Timmons dead?

3. Did Polly Timmons request the deed to be read to her and was it refused ?

4. Did Polly Timmons execute the deed freely and of her own accord ?

5. Did the defendant furnish money and provisions or either, and if so, to what amount ?

The Court in setting the issues adopted the 2nd issue presented by the plaintiff, and modified all the others presented by the plaintiff, at the instance of the defendant, in such a manner as to be acceptable to him, except the 3rd, which the Court stated was unnecessary, but did not strike it out.

To these issues the jury responded as follows :

1. Polly Timmons was induced by the false and fraudulent representations of the defendant to execute the deed.

2. Polly Timmons did not freely execute the deed knowing at the time that it was a deed conveying away her estate in the land.

3. The deed was not read over to Polly Timmons.

4. There was no consideration paid for the land.

5. The value of Polly Timmons' interest in the land was seven hundred and sixty-one dollars in all.

The defendant moved the Court to set aside the issues and the findings thereon.

1. For in his failure to modify the issues as requested.

2. Because the general averments in the complaint as to artifice and fraud and false representations did not justify any issue under said complaint.

The Court refused to set aside the issues.

The plaintiff moved the Court for leave to amend the complaint, so as to make it conform to the facts.

The defendant objected, the objection was overruled and the motion was granted.

Judgment was rendered in favor of the plaintiff, and the deed in controversy declared not to be the act and deed of Polly Timmons, and that she was not bound thereby. It was farther adjudged and declared that the said deed, in the hands of the defendant be set aside and cancelled, and that the de-

fendant surrender the same to the plaintiff for cancellation. From this judgment the defendant appealed.

*Dillard & Gilmer*, and *Shipp & Bailey*, for appellant.
*Scales & Scales*, contra.

PEARSON, C. J. The object of the action is to set aside a a deed on the ground, that its execution was procured by fraud and undue influence ; " that is the *gravamen* of the complaint, and there should not have been any other issue submitted to the jury. For the reason that, upon this issue, evidence of all of the facts and circumstances, set out in the complaint, as tending to establish the allegation of fraud and undue influence, and all of the facts and circumstances set out in the answer, as tending to establish the defendant's denial of "fraud and undue influence," could have been offered.

So his Honor should not have allowed any other issue than " was the execution of the deed procured by fraud or undue influence on the part of the defendant," to be submitted to the jury ; all of the " facts and circumstances " set out in the complaint and answer, were matters to be offered in evidence, but not matters upon which a distinct issue could be formed and submitted to a jury without leading to " obscurity and confusion."

The rule in pleading at law, " no matter can be alleged as a special plea which can be given in evidence under the " general issue " furnishes an analogy and an illustration. " All issues " as well as those offered by the plaintiff, *which involved matters of evidence only upon the main issue*, should have been rejected as tending to obscurity and confusion, and such matter ought to have been left as evidence bearing upon the issue of fraud and undue influence, which was the gravamen of the action to be passed on by the jury under the instructions of the Judge, subject to review by this Court.

We see no error in the instructions of the Court which can be complained of by the defendant ; on the contrary, we are

satisfied that the case has been decided so as to meet the requirements of justice. A woman yields her chastity and becomes hopelessly dependent upon, and in the power of the defendant, who is the father of her bastard child, this may be ascribed to the impulses of nature; but when the defendant goes farther and induces the poor dependent creature to make a deed to him for her land, it is shameful and shocks all ideas of honesty, to say nothing of the fact that the deed is executed *in secret*, without any consultation with her friends, and without the pretext of any adequate consideration.

I am inclined to the opinion that this case should add another instance to those set out in *Lea* v. *Pearce*, 68 N. C. 76, to-wit: " *Trustee* and *cestue que trust*, attorney and clerk' &c., when because of the dependent condition of the party in order to *prevent* fraud, a presumption of undue influence is made, so as to put on the other party the *onus* of proving that the dealing was fair; but this case requires no such presumption, for the fact of undue influence is patent without recourse to any artificial rule of presumption.

No error.

PER CURIAM.                        Judgment affirmed.