E. E. GRAY v. T. B. BAILEY, Trustee.

*Husband and Wife—Estate by Entirety—Conveyance by Husband Alone.*

1. Where land is conveyed to husband and wife, they are both seized of an entirety, and a conveyance by one without the joinder of the other is void.

2. Where land was conveyed to husband and wife and the husband subsequently and without the joinder of his wife conveyed his interest to a trustee who sold and the wife became the purchaser and died, devising the land to a trustee, a purchaser at execution sale under a judgment against the husband, docketed before the death of the wife, is entitled to recover against the devisee of the deceased wife.

CIVIL ACTION, for the recovery of land, tried before *Brown, J.,* at Fall Term, 1895, of DAVIE Superior Court, on a case agreed, the material facts of which appear in the opinion of Chief Justice FAIRCLOTH. His Honor held that the plaintiff was not entitled to recover and rendered judgment accordingly, and plaintiff appealed.

*Mr. A. E. Holton,* for plaintiff (appellant.)

*Messrs. E. L. Gaither* and *Glenn & Manly,* for defendant.

FAIRCLOTH, C. J.:    In 1888 the land in controversy was conveyed by deed in fee to F. M. Johnson and his wife A. L. Johnson. On December 3, 1891, F. M. Johnson conveyed his interest in the land to Bailey & Gaither in trust for the purposes recited. In May, 1892, the trustees sold the land and the wife became the purchaser, who died on the 29th of October, 1892, leaving a will in which she devised the land to the defendant. On December 8, 1891, a judgment was obtained against F. M. Johnson and docketed, and on July 2, 1894, the sheriff sold the land to

satisfy the judgment, the husband still living, and the plaintiff purchased the land at the said sale and brings this action for possession.

It will be noticed that the judgment was entered before the death of the wife, and that her husband made the deed in trust during coverture.

The question presented is, can the husband alone sell his interest during coverture in land held by him and his wife jointly ?    The affirmative of the question was earnestly argued before us.    This question has been much discussed and often decided and we are called upon to decide it again.    Confusion some times arises by not keeping in mind the distinction between an estate in joint tenancy and the *entirety* estate held by husband and wife by reason of the fact that the doctrine of survivorship applies to each.    The former may be changed by the act of either tenant in destroying either of the requisites, as by alienation, in which event the alienee and other tenant become tenants in common, whereas the *entirety* estate of the husband and wife cannot be changed, or destroyed, or partitioned by the act of either party.    This requires the consent of both parties.

By the common law of England, which is the law of this State except where it has been changed or modified by statute, a conveyance to husband and wife does not make them joint tenants, nor tenants in common.    They are in law one person, and take not by moities but the entirety.    They are each seized of the entirety and the survivor takes the whole.

The estate of joint tenants is a unit of divisible parts, several holders of different portions, and upon the death of one the survivor  takes  a  new  estate  by  acquiring the moiety of his co-tenant.    The *entirety* estate of husband and wife is also a unit, but is composed of indivisible parts.

It is true they are two natural persons, but in law they are one person, and upon the death of either the survivor takes no new estate. It is merely a change in the legal person holding, and not an alteration in the estate holden. When the contingency of death disappears or is removed, the legal personage holding the estate is reduced to an individual identical with the natural person, and this is the result although the same words, used in the conveyance creating this *entirety* estate, would make any other two ·persons joint tenants. Upon the death of the husband or wife, the survivor takes the whole as in joint tenancy, not by survivorship but by virtue of the original estate, because the *jus accrescendi* does not exist between husband and wife. The survivor simply remains in possession of that which he or she already had, relieved of all uncertainty in regard to the future control of the estate. There can be no remainder in the case, as was argued to us, either vested or contingent, because the right of survivorship is simply an incident to the estate granted to this one legal personage, arising out of the peculiar relation of husband and wife to whom the whole fee passed, and no remainder could be left.

As a further illustration : if an estate be granted to husband and wife and to two others, the husband and wife take one third in joint tenancy and the question of survivorship between them applies only to their third. If an estate be granted to a man and woman, who afterwards marry, as they took originally by moities, they will continue to hold by moities after the marriage. Then, can the husband convey his interest in the entirety estate during the coverture ? "The consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." 2 Bl. Com., 182. "They are both

seized of the entirety, and neither can sell without the consent of the other and the survivor takes the whole." 2 Kent Com., 132. "They are seized *per tout* and not *per my*. They must join in the conveyance. They are both necessary to make one grantor, and the deed of either without the other is merely void." *Doe* v. *Howland*, 8 Cowen, 277. "The sole conveyance of the husband, whether in terms broad or narrow, carries with it no estate, and is a mere nullity, not only as against the wife but also as against himself." Bishop Law Married Women, 621. "This species of tenancy is *sui generis* and arises from the unity of husband and wife. There can be no partition, for this would imply a separate interest in each ; and for the same reason neither can alien without the consent of the other ; and hence, the legal necessity results that the survivor must take the whole. This consequence necessarily results from the nature of the estate and the legal relation of the parties." *Ketchum* v *Wadsworth*, 5 Wis., 95.

In *Bruce* v. *Nicholson*, 109 N. C.. 202, this Court held that the husband could not convey his interest in such entirety estate during coverture, nor could it be sold under an execution. We have cited only this one of our decisions : it refers to several others to the same effect. The Act of Assembly, 1784, *Code*, Sec. 1326, declared that "in all estates, real or personal, held in joint tenancy the part or share of any tenant dying shall not descend or go to the surviving tenant," but shall go in the same manner as if the estate had been held by tenancy in common. In construing this statute, this Court held that it had no application to an estate granted to husband and wife, on the ground that it was not an estate in joint tenancy but an entirety estate, and such is still the construction. *Motley* v. *Whitemore*, 2. Dev. & Bat., 537,

Our conclusion is that F. M. Johnson's deed passed no interest to his trustees; and that the sheriff's deed passed the estate to the purchaser, the plaintiff, upon the case as now presented to this Court.

Reversed.