THOMAS v. RALEIGH AND·AUGUSTA AIR-LINE RAILROAD CO.

(Filed December 20, 1901.)

1. NEGLIGENCE—*Assumption of Risk—Master and Servant—Acts (Private) 1897, Ch. 56.*

Under Acts (Private) 1897, Ch. 56, railroad companies are deprived of the defense of the assumption of risk.

2. VERDICT — *Directing — Contributory Negligence — Burden of Proof.*

A verdict on the issue of contributory negligence can not be directed in favor of person alleging it, the burden of proof being on 'such person.

3. CONTRIBUTORY NEGLIGENCE—*Assumption of Risk—Negligence.*

A person is not guilty of contributory negligence in undertaking the performance of a dangerous work, unless he performs it in a negligent manner, or unless the inherent probabilities of injury are greater than those of safety.

COOK, J., dissenting.

ACTION by W. A. Thomas against the Raleigh and Augusta Air-Line Railway Company, heard by Judge *H. R. Starbuck* and a jury, at February Term, 1901, of the Superior Court of WAKE County.

This is an action for damages on account of personal injuries received by the plaintiff while in the service of the defendant company. There is evidence tending to prove the following facts, many of which are uncontradicted. The plaintiff was 27 years of age, and had been employed by the defendant for two months. At the time of the injury he was working as a section hand under one Davenport, who was section master or foreman. Said Davenport directed the plaintiff and other hands then working under him to place a

hand-car, which they were then using in their work, upon a flat-car attached to a material train, to be transported to a point near Sanford. The said flat-car was loaded with sand and dirt. The plaintiff and other hands, after loading the hand-car, got upon the material train and rode to the point where they were to work. When the train reached said point, it was stopped in such a position as to leave the flat-car, on which the hand-car had been placed, upon a high and steep fill or embankment, where the ground was frozen and slippery. The said Davenport negligently ordered the plaintiff and the other section hands to remove the said hand-car from the train. Davenport was warned, and knew, or by reasonable inspection could have known, that it was dangerous to remove said hand-car at that place. He was requested to direct the engineer to pull the flat-car up a few yards to level ground, where the hand-car could have been removed easily and without danger. The said Davenport refused to do so, although the train could have been so moved without difficulty, and again ordered the plaintiff to assist in moving the hand-car. The plaintiff knew there was danger in doing so, but did so in obedience to orders and for fear of losing his place. It is admitted that Davenport had employed the plaintiff and had the right to discharge him. While the plaintiff and the other section hands were removing the hand-car, it got beyond their control, fell down the embankment against the plaintiff, and ran over him, breaking his leg and otherwise injuring him. Davenport, the section master, had been in the employment of the defendant about fourteen years, and had been section master for several years. While there was some danger, it does not appear to have been obviously so great as to have deterred a reasonably prudent man from undertaking it when ordered to do so. Defendant appealed.

*T. M. Argo,* for the plaintiff.

*W. H. Day, J. B. Batchelor,* and *Battle & Mordecai,* for the defendant.

DOUGLAS, J., after stating the facts.   There are several exceptions, but they are all practically to the effect that the plaintiff, as matter of *law,* assumed the risk or was guilty of contributory negligence.   We have so fully considered these questions in the recent case of *Coley v. Railroad,* at this term, that there is but little need for further discussion. We can only repeat what we there said, that the act of February 23, 1897, deprived all railroad companies operating in this State of the defense of assumption of risk, whether existing in contract express or implied, and whether pleaded directly or under the doctrine of Fellow Servant.

This brings us to the consideration of the plea of contributory negligence, which is always a matter of defense, with the burden resting upon the defendant.   Beyond certain exceptional circumstances, which have no connection with the case at bar, a verdict upon this issue can never be directed in favor of the defendant.   *Hardison v. Railroad,* 120 N. C., 492; *Bank v. School Commissioners,* 121 N. C., 109; *Bolden v. Railway,* 123 N. C., 614; *Cogdell v. Railroad,* 124 N. C., 302.

In all cases upon such a motion, the evidence for the plaintiff must be accepted as true, and all the evidence construed in the light most favorable to him.   *Purnell v. Railroad,* 122 N. C., 832; *Cox v. Railroad,* 123 N. C., 604; *Printing Co. v. Raleigh,* 126 N. C., 516; *Moore v. Railway Co.,* 128 N. C., 455.

Taking the evidence in the light most favorable to the plaintiff and excluding all assumption of risk, he can not be deemed guilty of contributory negligence.   It is true, he realized there was danger, but he had been in the defend-

ant's service only two months, and might well rely upon the judgment of his superior officer, who had been in the same service for fourteen years.   Of the ten men engaged in moving the hand-car, only the plaintiff was injured.

Moreover, there is serious conflict even in the defendant's own testimony.   Davenport admits that it was dangerous to move the hand-car at that place, and says that if he had known the character of the place he would not have ordered the hand-car to be taken off there, as it was not necessary to do so.   Brown, also a section foreman and witness for the defendant, says that "with the number of men around it (the car), I did *not* consider it a dangerous place."

Many branches of the railroad service are necessarily dangerous, but the company is not responsible for such inherent danger unless it unnecessarily causes or increases it by some unlawful act or wilful or negligent omission of duty.   On the other hand, the plaintiff is not guilty of contributory negligence in undertaking the performance of a dangerous work unless he performs it in a negligent manner, or unless the act itself is obviously so dangerous that in its careful performance the inherent probabilities of injury are greater than those of safety.   *Hinshaw v. Railroad,* 118 N. C., 1047. Many of the cases cited by defendant appear to have more or less confused assumption of risk with contributory negligence, but they are essentially different.   As is said in Coley's case, *supra:* "Contributory negligence of course always involves the fact of *actual* negligence on the part of the plaintiff, while the simple assumption of risk does not of itself imply negligence, which may or may not co-exist." This distinction is recognized in *Rittenhouse v. St. Ry. Co.,* 120 N. C., 544; where the Court says: "*Reckless* assumption of risk has always been taken in our Court as being embraced in the issue of contributory negligence."   This is so because of the very use of the word "reckless" presupposes

negligence in connection with the assumption of risk. If it is a "negligent" assumption of risk by the plaintiff, and such negligence directly contributes to his injury, of course it is included in the issue of contributory negligence, for such it is. But it is essentially different where the defect is neither so great nor so patent as to deter a man of ordinary prudence. A defective machine carefully handled, or a safe machine carelessly handled, may equally result in an accident; but the resulting responsibility would be by no means the same.

It is true, in Rittenhouse's case, the Court says: "But upon the issue of contributory negligence both phases of the matter, negligence and voluntary assumption of risk, could be submitted to the jury." This was the old practice, and, in fact, the Courts at first did not generally submit even the issue of contributory negligence, leaving the entire case to the jury upon the single issue of the defendant's negligence. In such cases, it all depended upon the charge of the Court; but it was found that the respective negligence of the plaintiff and the defendant could be more intelligently presented under separate issues. We are strongly of opinion that the same principle holds good as to the respective issues of contributory negligence and assumption of risk, where the latter defense is permitted. We must remember that the primary object of submitting issues, and indeed of the Judge's charge, is not simply to "run the gauntlet" of the Supreme Court on appeal, but to submit the case to the jury in such a manner as will best enable them to render a just and intelligent verdict. We think this has been substantially done in the case at bar, and there are certainly no errors in the charge of which the defendant can complain.

In *Railroad Co. v. Egeland,* 163 U. S., 93, where the plaintiff, a laborer in the employ of defendant, was ordered by the conductor to jump off a train going about four miles an hour,

and was injured in doing so, the Court says: "If plaintiff reasonably thought he could with safety obey the order by taking care and jumping carefully, and if because of the order he did jump, the jury ought to be at liberty to say whether under such circumstances he was or was not guilty of negligence."

That the defendant in the case at bar was guilty of negligence has been found by the jury upon substantial evidence and under proper instruction. They have also found that the plaintiff was not guilty of contributory negligence as a matter of fact, while it is plain to us that he can not be so considered as matter of law. The judgment is

Affirmed.

COOK, J., dissents.