SPRUILL v. BRANNING MANUFACTURING COMPANY.

(Filed March 4, 1902.)

1. TRESPASS—*Husband and Wife—Administrator—Estates—Per tout et non per my.*

Where a husband and wife own land jointly, the administrator of the husband can not bring an action for a trespass committed prior to the death of the husband.

2. TRESPASS—*Husband and Wife—Estates—Per tout et non per my.*

Where husband and wife own land jointly, the wife may bring an action for trespass committed prior to death of husband.

3. LIMITATIONS OF ACTIONS—*Married Woman—The Code, Sec. 163.*

Where husband and wife own land jointly, the statute of limitation against an action for trespass begins to run as to the wife at the death of the husband.

ACTION by C. W. Spruill, as administrator of the estate of T. H. Wilson, and Alice Wilson, against the Branning Manufacturing Company, heard by Judge *O. H. Allen* and a jury, at November Term, 1901, of the Superior Court of BERTIE County. From a judgment for Alice Wilson, the defendant appealed.

*B. B. Winborne,* and *St. Leon Scull,* for the plaintiffs.
*R. B. Peebles,* and *Pruden & Pruden,* for the defendant.

FURCHES, C. J. In 1895, and before that time, Thaddeus Wilson and Alice Wilson, being husband and wife, were the owners of a tract of land in Bertie County, conveyed to them by deed. In the year 1895, the defendant committed a trespass on said land by entering upon the same, cutting and removing timber therefrom, and otherwise damaging said land. On the 12th of January, 1896, Thaddeus Wilson died intestate, and on the 16th of November, 1896, C. W.

Spruill qualified as his administrator. On the 7th of February, 1898, said Spruill, as administrator, and the widow, Alice Wilson, commenced this action to recover damages for said trespass.

The defendant denied committing the trespass, denied plaintiffs' right to maintain this action, and pleaded the statute of limitation. His Honor held that the plaintiff Spruill, as administrator of Wilson, had no cause of action against the defendant, and submitted the following issues to the jury as to plaintiff Alice's right to recover:

1. Were Thaddeus Wilson and his wife Alice the owners of the 26-acre tract of land described in the pleadings? Ans: "Yes."

2. If so, did the defendant trespass upon the same as is alleged? Ans.: "Yes."

3. If so, what damages were done the same thereby? Ans.: "$80."

4. Is the cause of action therefor barred by the statute of limitation as to Alice Wilson? Ans.: "No."

Upon these issues, judgment was given to the plaintiff Alice, and the defendant excepted and appealed.

The defendant tendered other issues that were not submitted by the Court, and defendant excepted. But this exception can not be sustained.

We are of the opinion that his Honor was correct in holding that the plaintiff Spruill, as administrator of Thaddeus Wilson, had no right of action. And it seems to be settled by this Court that the plaintiff Alice had, unless she is barred by the statute of limitation. She and her husband Thaddeus Wilson held this land by entirety—not as joint tenants or tenants in common. She and her husband were seized *per tout,* and not *per my*—each being seized of the *whole,* and not of a part; therefore, upon the death of her husband, she remained the owner of the land. She took no new es-

tate. If she had, she would not have been entitled to recover damages for a trespass committed before her acquisition of said new estate. But this question is so elaborately and so ably discussed by the late Chief Justice in *Gray v. Bailey,* 117 N. C., 439, that it seems to be only necessary to refer to that case and the authorities cited.

Nor does it seem to us that the Court committed error in refusing to hold and charge that the plaintiff Alice's right of action was barred by the statute of limitation. If the statute commenced to run as to her from the date of the trespass, more than three years had elapsed; and she would be barred. But if it only ran as against her from the death of her husband, three years had not elapsed; and she is not barred. And it seems to be settled that it did not run as to her until the death of her husband. The Code, Sec. 163; *Johnson v. Edwards,* 109 N. C., 466, 26 Am. St. Rep., 580; *Bruce v. Nicholson,* 109 N. C., 209, 26 Am. St. Rep., 562.

We therefore find no error in the judgment, and it is

Affirmed.