RAY v. LONG.

(Filed June 10, 1903.)

1. ISSUES—*Ejectment—Trusts—Husband and Wife.*

In ejectment by a husband and wife for land sold under execution against the husband, the issue set out in the opinion is sufficient in form and substance to present every material fact necessary to a determination of the case.

2. EVIDENCE—*Ejectment—Husband and Wife.*

Where a husband and wife, suing in ejectment, claimed that the land involved had been purchased jointly by them, each furnishing a portion of the money, evidence to show the purpose for which a certain sum of money was furnished by the wife, and her accompanying directions, was properly admitted, as tending to prove a material fact.

3. QUESTIONS FOR JURY—*Evidence—Weight of Evidence.—The Constitution, Art. 10, Sec. 6.*

Whether evidence is clear, strong and convincing is a question for the jury.

4. ESTATES—*Entirety—Husband and Wife—The Constitution, Art. 10, Sec. 6.*

Where the husband and wife purchase property, each furnishing a portion of the purchase money, an estate in entirety is created, and they hold *per tout et non per my*.

5. HUSBAND AND WIFE—*Judgments—Executors—Estates.*

No part of land purchased jointly by husband and wife can be sold under execution against the husband.

CLARK, C. J., and MONTGOMERY, J., dissenting.

ACTION by H. M. Ray and wife against Jacob A. Long, heard by Judge *T. A. McNeill* and a jury, at September Term, 1902, of the Superior Court of ALAMANCE County.

From a judgment for the plaintiffs, the defendant appealed.

*John W. Graham,* for the plaintiffs.

*E. S. Parker, Jr., J. T. Morehead* and *R. C. Strudwick,* for the defendant.

DOUGLAS, J. This case was before us at February Term, 1901, and is reported in 128 N. C., 90. In that opinion the court says: "The marriage having taken place since 1868, he should have said to the jury, as laid down in *Kirkpatrick v. Holmes,* 108 N. C., 206 and approved in *Ross v. Hendrix,* 110 N. C., 405: 'If her separate estate went into the hands of her husband and he invested it in land, taking title in his own name in the absence of any agreement to the contrary, a trust would have resulted to her.' In *Briscoe v. Norris,* 112 N. C., 676, it is said this equitable title was 'such as to enable her, upon the strength of it, to recover the land from her husband, or from any one purchasing of him with notice of her rights, or from any one who had bought the land at a sale under execution against her husband, for such person would acquire only such title as her husband had'." That remains the law of this case, to be modified in its application in so far only as the further development of the facts may require.

The following is the only issue submitted: "Was purchase money paid for the land in controversy furnished equally by Elizabeth A. Ray from her separate estate and by H. M. Ray, to procure a home for said H. M. Ray and wife?" It was answered in the affirmative. This issue was objected to as insufficient by the defendant, who tendered seven different issues. We think that the issue as submitted

was sufficient in form and substance to present every material fact necessary to a determination of this case. When this is true, no exception thereto can be sustained. *Patterson v. Mills,* 121 N. C., 258; *Pretzfelder v. Ins. Co.,* 123 N. C., 164; 44 L. R. A., 424. In *Denmark v. Railroad,* 107 N. C., 185, this court laid down the following rules governing the submission of issues:

1. Only issues of fact raised by the pleadings must be submitted to the jury.

2. The verdict, whether in response to one or many issues, must establish facts sufficient to enable the court to proceed to judgment.

3. Of the issues raised by the pleadings, the judge who tries the case may, in his discretion, submit one or many, provided that neither of the parties to the action is denied the opportunity to present to the jury any view of the law arising out of the evidence, through the medium of pertinent instructions on some issue passed upon.

This is in entire consonance with the rule laid down in *Tucker v. Satterthwaite,* 120 N. C., 118, relied on by the defendant's counsel, to the effect, "That it is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising in the pleadings, and that in the absence of such issues, or admissions of record equivalent thereto, sufficient to reasonably justify, directly or by clear implication, the judgment rendered therein this court will remand the case for a new trial." *Mitchell v. Railroad,* 124 N. C., at page 245; 44 L. R. A., 515.

Nor does it conflict with what is said in *Cox v. Railroad,* 126 N. C., 103, and *Thomas v. Railroad,* 129 N. C., 392, at page 396, as to the propriety of submitting separate issues in cases of negligence and others of kindred nature, where the material facts cannot be directly presented in one issue

·or found therein except inferentially by reference to the charge of the court. The issues tendered by the defendant were unnecessary, while some of them presented merely evidentiary facts. In *Timmons v. Westmoreland,* 72 N. C., ·587, it was held that "It is error to submit to the jury issues which involve matters of evidence only tending to establish or deny the main isue."

The motion to dismiss was properly refused as there was evidence tending to prove the plaintiff's contentions.

We see no objection to the evidence offered by the plaintiffs to show the purpose for which the six hundred dollars was furnished by the *feme* plaintiff and her accompanying directions. It was competent evidence tending to prove a material fact.

We find no error either in the charge or refusal to charge. Among other prayers the defendant requested the court to charge in substance that the evidence offered by the plaintiffs was *not* clear, cogent and convincing. This prayer was properly refused under the authority of *Lehew v. Hewitt,* 130 N. C., 22, where it was held that whether evidence was clear, strong and convincing was a question of weight and effect to be determined solely by the jury.

We come now to the legal effect of the verdict. The jury have found upon competent evidence and under proper instructions that the purchase money for the land in question was furnished equally by the plaintiffs, who are husband and wife, for the purpose of procuring a home for them.

When the case was here before it was held that with or without an agreement, if the wife's money went into the purchase of the land, a resulting trust was created whereby the husband became a trustee for his wife to the extent of her interest. Under the facts as now found, the wife had a right to demand a conveyance jointly to herself and her husband; and she would now have a right to have the deed reformed

so as to give full force and effect to her equities. This is the practical result of the judgment in this case certainly as between the parties. The effect will be to create an estate in entireties, in which the parties will hold, in the ancient language of the law *per tout et non per my*. This estate is fully recognized by our law, and has not been impaired by Section 6 of Article X of the Constitution. Whether it arises directly from the marital relation or from a presumption of intention, is immaterial so long as it exists. In *Motley v. Whitemore,* 19 N. C., 537, it is said (by Gaston, J.) : "When lands are conveyed to husband and wife, they have not a joint estate, but they hold by entireties. Being in law but one person, they have each the whole estate as one person; and on the death of either of them, the whole estate continues in the survivor. This was settled at least as far back as the reign of Edward III, as appears from the case on the petition of John Hawkins, as the heir of John Ocle, quoted by Lord Coke, 1 Inst., 187a." This case has been repeatedly cited with approval since the adoption of the present Constitution. In *Bruce v. Nicholson,* 109 N. C., 204; 26 Am. St. Rep., 562, the court says (through Merrimon, C. J.) : "The defendant, husband and wife, held the small tract of land conveyed to them, not as joint tenants or tenants in common, but by entireties. In contemplation of law, they were for such purpose, but one person, and each had the whole estate as one person, and when one of them should die the whole estate would continue in a survivor. They, by reason of their relations to each other, could not take the *fee simple* estate conveyed to them by moities, but both were seized of the entirety *per tout et non per my*. This is so by the common law, and is the settled law of this State," citing numerous authorities. "The nature of this estate forbids and prevents the sale or disposal of it or any part of it by the husband or wife without the assent of both; the whole must

remain to the survivor.  The husband cannot convey, encumber or at all prejudice such estate to any greater extent than if it rested in the wife exclusively in her own right; he has no such estate as he can dispose of to the prejudice of the wife's estate.  The unity of the husband and wife as one person and the ownership of the estate of that person prevent the disposition of it otherwise than jointly.  As a consequence neither the interest of the husband nor that of the wife can be sold under execution so as to pass away title during their joint lives or as against the survivor after the death of one of them."  "Indeed it seems that the estate is not that of the husband or wife; it belongs to that third person recognized by the law, the husband *and* the wife."

Among the numerous cases that might be cited, the following will serve to exemplify the principle, *Todd v. Zachary,* 45 N. C., 286; *Woodford v. Higley,* 60 N. C., 237; *Long v. Barnes,* 87 N. C., 329; *Jones v. Potter,* 89 N. C., 220; *Simonton v. Cornelius,* 98 N. C., 433; *Harrison v. Ray,* 108 N. C., 215; 11 L. R. A., 722; 23 Am. St. Rep., 57; *Gray v. Bailey,* 117 N. C., 439; *Spruill v. M'f'g Co.,* 130 N. C., 42.

It is unnecessary to discuss the nature and effect of a resulting trust, as that point was decided as far as it affects this case in our former opinion; but a further discussion of the principle can be found in *Gorrell v. Alspaugh,* 120 N. C., 362.

While the action in this case is neither for the reconveyance of land nor for the reformation of the deed, yet we think it comes within the essential principle of *Stamper v. Stamper,* 121 N. C., 251.  There, the contract was to reconvey the land to H. H. and Anna Stamper, and it was held that the widow was entitled to specific performance.  In the opinion it is said:  "We must now consider the quantity of interest to be conveyed, which we think is the entire estate in

the land acquired by Milton Stamper under the deed. The covenant was to reconvey to H. H. and Anna Stamper. They, being husband and wife, held their equitable interest, the right to demand a reconveyance upon breach of the cove- nant, in entirety with the right of survivorship."

The judgment of the court below is
Affirmed.

MONTGOMERY, J., dissenting: In the original complaint it was alleged that the *feme* plaintiff, wife of the other plaintiff, had furnished one half of the purchase money, six hundred dollars, toward the purchase money of a tract of land of 154 acres which was conveyed by Thos. H. Long to the husband, and that the plaintiffs were entitled each to a deed for one half of the 154 acres; "that of the tract of 154 acres 59 and 15-100 acres were conveyed by the plaintiffs to a son of the husband by a former marriage upon an agreement that the wife should have a larger interest in the remaining 94 and 85-100 acres and her interest in said 94 85-100 acres has thus been raised from half which it was originally to 6-7 as stated in the first Article of this complaint in regard to the 60 acres therein described," and that the defendant Long is in the unlawful possession of the same having purchased it at execution sale, the execution having been issued against the husband. The prayer for judgment is in the following words: "Wherefore the plaintiffs demand judgment that the *feme* plaintiff Elizabeth A. Ray is entitled to 6-7 of said land and that the said H. M. Ray be declared to have held the same as a trustee for her, and that her interest could not be sold under execution, and that the said defendant could not acquire the interest which said Elizabeth A. Ray had in said land, and that she forbidding the sale, the defendant took subject to all equities which she had in said land, and for such other and further relief, etc."

RAY *v.* LONG.

An amended complaint was afterwards filed as follows:

1. That at the time of the purchase of the 154 acres it was expressly agreed that the deed should be made to both the plaintiffs, H. M. Ray and Elizabeth Ray, and their heirs by Thos. H. Long, but that through mistake the deed was made to H. M. Ray and his heirs; that said Elizabeth A. Ray having paid $600 toward the purchase money, under the agreement, was entitled to have had said deed made to said H. M. Ray and Elizabeth and their heirs.

2. That the equitable title to said land at the time of the same under execution of the 60 acres described in the complaint, being in said H. M. Ray and Elizabeth and their heirs, the sheriff had no right to sell under execution the contingent remainder of H. M. Ray, and nothing passed to the defendant by said sale and the deed of the sheriff thereunder, and the said plaintiffs are still the owners of the said tract of 60 acres and entitled to the possession thereof.

There was the usual prayer for relief in such cases. It will be seen from a reading of the plaintiff's complaint that the original cause of action was based on the allegation that the plaintiff had furnished one-half of the purchase money of the land, and that the same having been applied by her husband to the purchase she was entitled to have him convey to her and her heirs one half of the tract of land, he having taken the deed to the entire tract in his own name. In the amended complaint she alleged that she bought the land together with her husband under an agreement that the deed should be made to them and their heirs, and that by mistake the deed was made to the husband alone.

According to the first complaint the *feme* plaintiff furnished a part of the purchase money, and for that she was to have an equivalent in land conveyed to her and her heirs. According to the amended complaint she furnished the money jointly with her husband, who furnished an equal amount,

and the deed was to be made to them and their heirs and assigns, by which an estate in entirety was created.

The defendant requested the court to submit amongst others two issues; one whether or not the *feme* plaintiff had paid the $600 of the purchase money, and the other whether at or before the time of the purchase by Henry M. Ray of the 154 acres from Thos. H. Long it was expressly agreed that the deed should be made to Henry M. Ray and wife jointly. His Honor refused the issues and submitted one in these words, "Was the purchase money paid for the land in controversy furnished equally by Elizabeth A. Ray from her separate estate and by Henry M. Ray to procure a home for said Henry M. Ray and wife?" Upon the pleadings the defendant in my opinion was certainly entitled to have the issues, which he tendered, submitted to the jury. After the evidence was all in however, it was unnecessary to submit the last one, for the reason that there was no evidence whatever tending to show that the deed was executed under a mistake, or that it was ever agreed up to the time the deed was executed to H. M. Ray, the husband, that the deed was to have been made to him and his wife. Therefore, under the issue which his Honor did submit, the jury having found that the *feme* plaintiff paid one half of the purchase money of the land, his Honor should have held as a matter of law that a resulting trust was created by the deed to the husband in favor of the *feme* plaintiff for one half of the tract of land, and that a judgment to that effect should have been rendered, according to the request for judgment made by defendant.

The defendant in his answer denied that any part of the land had been conveyed to the son of the husband, and there was no evidence offered on that question. In my opinion there was error.

CLARK, C. J., concurs in the dissenting opinion.