STALCUP v. STALCUP.

(Filed December 17, 1904).

1. HUSBAND AND WIFE—*Evidence—Tenancy in Common.*

The evidence in this case is sufficient to be submitted to the jury on the question as to whether certain persons were tenants in common.

2. HUSBAND AND WIFE—*Tenancy in Common—Joint Tenants.*

Where lands are granted to husband and wife, and it appears from words of the grant that the intention was to create a joint tenancy or a tenancy in common, they will take and hold as joint tenants or tenants in common, and not as tenants of the entirety.

ACTION by J. T. Stalcup against W. R. Stalcup and others, heard by *Judge B. F. Long,* at August Term, 1904, of the Superior Court of CHEROKEE County. From a judgment for the defendants the plaintiff appealed.

*E. B. Norvell* and *Ben Posey,* for the plaintiff.
*J. F. Ray,* for the defendant.

MONTGOMERY, J. The plaintiff, who is the only child and heir at law of his deceased mother, claims a one-half interest in the tract of land described in the complaint. It is alleged in the complaint that in 1893, whilst the plaintiff's mother and P. S. Stalcup were husband and wife, P. S. Stal-

cup bought with the money of his own and his wife the land, and took a bond for title in his own name; that the bond for title ought to have been so executed as that one-half of the land should be conveyed to the plaintiff's mother and the other half to P. S. Stalcup, but that when the bond was drawn and executed, neither the plaintiff's mother nor P. S. Stalcup being present, by mistake, oversight and ignorance on the part of the draughtsman and also on the part of the bargainor and the bargainee, it was drawn and executed so as to make it appear that P. S. Stalcup was to receive a deed as the sole bargainee, when the real intention of the makers of the bond for title, as well as P. S. Stalcup's, was that the bond and deed should show that P. S. Stalcup was to be the owner and bargainee of only one-half of the land and the mother of the plaintiff the other half. It is also alleged that the purchase price was paid for the land, the one-half of which with the money of the mother of the plaintiff and for one-half of the land; that P. S. Stalcup died and afterwards the bargainors, through mistake and oversight, executed a deed to the defendants, W. R. Stalcup, Burgess Jacobs and Nancy Stalcup, the devisees under the will of P. S. Stalcup.

On the trial, Lovingood, the bargainor, a witness for the plaintiff, testified that when P. S. Stalcup approached him to buy the land he said he wanted it for himself and his wife; that he wanted the bond to show that he was entitled to one-half and that his wife was entitled to one-half, as one-half of the money they were paying for the land was his and one-half hers; that witness said further that when the bond was executed neither Stalcup nor his wife was present, and that Stalcup "wanted it to show up that he and his wife were equal in the land, he in one-half and she in one-half." He said further, "I delivered this paper to P. S. Stalcup, and he was not satisfied because it did not show that his wife was to

have a half of it, and I persuaded him to let it alone till the deed was made, and I would make it tell in the deed as he had directed. It was to show that they were 'halves,' that each paid half and had half."

Upon the defendant's motion to the demurrer to the evidence the plaintiff was nonsuited. There was error in the judgment of nonsuit. If a deed be made for land to husband and wife (and it is immaterial if the purchase-money be furnished one part by the husband and another part by the wife, or all by one of them), if nothing else appears, they take an estate in entirety, that is, they hold the land under the old common law expression *per tout, et non per my.* That was so because of the relation between the parties, they being in law but one person and each having the whole estate as but one person. *Bruce v. Nicholson,* 109 N. C., 202; 26 Am. St. Rep., 562; *Ray v. Long,* 132 N. C., 891. But in the case before us the plaintiff has shown by competent evidence that the bond for title should have been drawn and executed so as that when the deed should be made, on the payment of the purchase price, the bargainor should have conveyed to the wife, Mrs. Stalcup, one-half of the land, and to the husband the other half. The deed was not to be made to the husband and wife, simply acknowledging the purchase-money, but was by express agreement to be made so as to declare that one-half of the purchase-money had been paid by the husband and the other half by the wife, and that for that consideration one-half interest in the land was to be conveyed to the wife and the other half interest to the husband. Such a deed would have created the husband and wife tenants in common. This rule of law does not conflict at all with *Ray v. Long, supra,* but is in conformity to that decision. In 15 A. & E. Ency. of Law, 846, it is said: "But it has been held that in consequence of the theoretic unity of husband and wife, lands granted to husband and wife jointly during coverture cannot

be held by them as tenants in common or as joint tenants notwithstanding the terms of the grant. The prevailing doctrine in modern times, however, is that when lands are granted to husband and wife, and it appears from words of the grant that the intention was to create a joint tenancy, or a tenancy in common, they will take and hold as joint tenants or tenants in common, and not as tenants of the entirety," and many cases from several States are cited to support the text.

Error.