LENA HALL ISLEY v. D. E. SELLARS, Administrator.

(Filed 10 November, 1910.)

1. **Tenants in Common—Husband and Wife—Deeds and Conveyances—Interpretation—Intent.**

When lands are granted to husband and wife, and it appears from the words of the grant that the intention was to create a joint tenancy, or a tenancy in common, they will take and hold as joint tenants or tenants in common and not as tenants of the entirety.

**2. Same—"Entirety."**

When one of two tenants in common makes a conveyance of his interest to the wife of the other, the husband and wife thereafter hold as tenants in common and not alone by entireties.

**3. Same—Mortgages.**

A husband and wife being tenants in common in land of an undivided moiety, sold a part thereof, and to secure the balance of the purchase money took a note payable to themselves secured by a mortgage on the lands. *Held*, (1) Being tenants in common of the land when it was sold, they became severally and equally interested in the purchase money; (2) the mortgage only made them the trustees of the legal title to secure the debt, because they were the owners of the note secured by it; (3) the notes being payable to them both entitled each to one-half of the amount; (4) the mortgagor having paid the note, without foreclosure, the result is the same as if no mortgage had been executed, and as the wife was entitled to one-half of the purchase money her interest was not lost by drawing the notes payable to both; (5) the husband having received more of the purchase price than his one-half interest, and died, the wife is entitled to the remainder thereof in the hands of his administrator.

**4. Tenants in Common—Husband and Wife—Entireties—Survivorship.**

In this case the husband and wife sold the lands, the wife survived the husband and sues his administrator for a balance of the purchase price paid into his hands. *Held*, if the doctrine of estates by entireties has any application to the facts, the wife is entitled to the fund by virtue of the right of survivorship, existing between husband and wife in such instances.

APPEAL by defendant from *C. C. Lyon, J.,* at the September Term, 1910, of ALAMANCE.

The facts are sufficiently stated in the opinion of the Court.

*W. H. Carroll* for plaintiff.
No counsel for defendant.

WALKER, J.   This is a controversy between the plaintiff and the defendant, administrator of her deceased husband, as to their respective rights in a certain fund of twenty-five hundred dollars, which is a part of the proceeds of the sale of land. It appears that A. A. Isley and W. C. Isley were seised, as tenants

in common, share and share alike, of a tract of land, and A. A. Isley conveyed his interest, "the same being one moiety," to the plaintiff during the lifetime of her husband, W. C. Isley. Afterwards W. C. Isley and his wife sold and conveyed a part of the land to the North Carolina Trust Company. The purchaser paid a part of the purchase money and executed a mortgage on the land with a power of sale to the vendors to secure the balance. All of the purchase money, except $2,500, was paid to the husband, W. C. Isley, amounting to $7,450, and since his death the defendant, his administrator, has collected the note for $2,500, which is all that is due from the trust company. The notes were payable to "W. C. Isley and Lena H. Isley, his wife." The court held and adjudged that the plaintiff is entitled to the entire fund in the custody of the administrator, and the defendant appealed. W. C. Isley and his wife acquired their interest in the land by separate deeds, which conveyed to each of them, not an estate of the entirety nor a joint estate, but a moiety or one-half undivided interest in the same. It is said in *Fulper v. Fulper* 54 N. J. Eq., 431, that whether a husband and wife take as tenants in common or as tenants of the entirety is to be gathered from the instrument which passes the estate to them, and when the intention appears therefrom that they should take an estate in common, it must prevail, and "such has been the rule from an early period in the history of the English law." This ruling is sustained by the clear weight of authority. 21 Cyc., 1198; *Miner v. Brown,* 133 N. Y., 308; *Hunt v. Blackburn,* 128 N. S., 464; *Hiles v. Fisher,* 144 N. Y., 306; Hopkins on Real Property, 337; 15 Am. & Eng. Enc. (2 Ed.), 846-847. This Court has adopted this view. *Stalcup v. Stalcup,* 137 N. C., 305, in which we said: "It has been held (in many cases) that in consequence of the theoretic unity of husband and wife, lands granted to husband and wife jointly during coverture cannot be held by them as tenants in common or as joint tenants, notwithstanding the terms of the grant. The prevailing doctrine in modern times, however, is that when lands are granted to husband and wife, and it appears from words of the grant that the intention was to create a joint tenancy, or a

tenancy in common, they will take and hold as joint tenants or tenants in common, and not as tenants of the entirety." *Judge Sharswood,* in his exhaustive notes to 2 Black. at marg. p. 182, says: "Where an estate is conveyed to a man and woman who are not married together, and who afterwards intermarry, as they took originally by moieties, they will continue to hold by moieties after the marriage. There is nothing, therefore, in the relation of husband and wife which prevents them from being tenants in common. There are great opinions in favor of the position that husband and wife may by express words be made tenants in common by a gift to them during coverture," citing 1 Prest. on Estates, 132; 2 Preston on Abstracts, 41; 4 Kent, 363; 1 Reed's Blackstone, 470. The same principle is stated and supported by numerous authorities in 15 Cyc., p. 846, note 4. At the same page and note 5, the very facts we have in this case are stated and the law declared to be that "when joint tenant or tenant in common makes a conveyance of his interest to the wife of the other, the husband and wife hold thereafter as joint tenants or tenants in common," and not by the entireties. It must be noted that in our case there was no conveyance of a joint estate to W. C. Isley and his wife, but of a distinct moiety to each. They held the land, therefore, as tenants in common, and when it was sold they became severally and equally interested in the purchase money. The mortgage, it is true, was made to them, but only as trustees of the legal title to secure the debt and because they were the owners of the notes secured by it. Besides the notes were payable to both of them and this entitled each to one-half of the amount thereof. If the fund belonged to the husband, he could give his wife one-half of it, if the rights of third parties against him are not involved, and to effectuate such a purpose, he might direct the notes to be made payable to himself and his wife. But as she was entitled to one-half of the purchase money, her interest was certainly not lost by drawing the notes in that way. The mortgage really has nothing to do with the decision of the question now presented, even if under it W. C. Isley and wife acquired an estate in the entirety. The money was not collected by a sale of the land, but directly from the mortgagor, who paid in

cash. He has simply paid the notes, given for the purchase money and secured by the mortgage, in money, and the result is the same as if no mortgage had ever been executed.

But if the doctrine as to an estate by entireties has any application to the facts of the case, the wife, who is the plaintiff, survived her husband and for that reason would be entitled to the fund. *Motley v. Whitemore,* 19 N. C., 537; *Long v. Barnes,* 87 N. C., 329; *Bruce v. Nicholson,* 109 N. C., 204; *Ray v. Long,* 132 N. C., 891.

In any view we can take of the facts, we think the judgment was correct, the husband having received more than his share.

Affirmed.