S. G. HIGHSMITH AND WIFE ET AL. V. M. R. PAGE, S. C. PAGE, AND THE EUREKA LUMBER COMPANY.

(Filed 6 March, 1912.)

1. **Deeds and Conveyances—Interpretation—Husband and Wife—Estates in Entireties—Survivorship—Tenants in Common.**

   While in a conveyance of lands to husband and wife, jointly, they will take and hold the estate by entireties, the survivor taking the whole, this character of an estate is not created when it appears by construction from the conveyance that it was not so intended, but that the parties were to take and hold their interests as tenants in common.

2. **Deeds and Conveyances—Interpretation—Intent.**

   The court, in construing a conveyance of lands, will examine the whole instrument with reference to its separate parts to ascertain the intention of the parties, and will not construe as meaningless any part or phrase thereof when a meaning may be found by any reasonable intendment.

3. **Deeds and Conveyances—Intent—Interpretation—Husband and Wife—Tenants in Common—Descent and Distribution.**

   A deed of lands to husband and wife for a consideration the half of which was furnished by the latter from a sale of her own lands, made to the husband and his heirs, and to the wife and her heirs, and to their heirs jointly, with the habendum expressed to the same effect, conveys to them an estate in common and not of entireties, the wife's interest descendible, at her death, to her heirs at law, subject to the curtesy of her surviving husband.

4. **Deeds and Conveyances—Reformation—Equity—Fraud or Mistake—Proof Required—Questions for Jury.**

   For equity to correct a deed for mistake, it must be established by clear, strong, and convincing evidence, and it is for the jury to determine whether the proof meets the required standard according to the instructions from the court.

5. **Same—Issues—Cloud on Title.**

   A deed of lands to husband and wife conveyed an estate in common and not in entireties. After the death of the wife, the husband, assuming title of the whole by way of survivorship, conveyed it to another. There was evidence tending to show that the lands in controversy should have been conveyed separately to the wife as her part of the land: *Held*, in this case, evidence sufficient for an issue to be submitted to the jury as to the mistake in the deed, and to sustain a suit to remove a cloud upon the title by the heirs at law of the wife.

APPEAL from *Carter, J.,* at September Term, 1911, of PITT.

Civil action to reform a deed by reason of mistake, to remove cloud from title, and restrain cutting of timber. At the close of the testimony, on motion of the defendant, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Julius Brown and Moore & Long for plaintiff.*
*Harry Skinner for defendant.*

HOKE, J. On the trial it was made to appear that on 8 November, 1875, S. R. Ross and wife conveyed M. R. Page and his wife, Elizabeth, a tract of land lying in Pitt County, containing about 235 acres, more or less. The portions of the deed more directly relevant being in terms as follows:

"This deed made by S. R. Ross and wife, Margaret, of the county of Pitt and State of North Carolina, of the first part, to M. R. Page and Elizabeth Page, his wife, of the county and State aforesaid, witnesseth: That the said S. R. Ross and wife, for and in consideration of twelve hundred dollars ($1,200) to them in hand paid, one-half by M. R. Page and one-half by Elizabeth Page out of the sale of her own land, the receipt of which is hereby acknowledged, hath bargained and sold, and by this deed doth bargain, sell, and convey to the said M. R. Page, his heirs, and to Elizabeth Page, her heirs, and to their heirs and assigns, jointly, the following described piece or parcel of land: Situate in the county of Pitt, adjoining the lands of John H. Raules, J. M. Rollins, John Page, and others, and containing 235 acres, more or less, together with all the privileges and appurtenances thereto belonging or in any wise appertaining. To have and to hold the said piece or parcel of land, to them, the said M. R. Page, his heirs, and the said Elizabeth Page, her heirs, and to their heirs and assigns, in fee simple; and the said S. R. Ross and wife, for themselves, their heirs and executors and administrators, doth covenant and agree with the said M. R. Page, his heirs, and Elizabeth Page, his wife, and her heirs, and their heirs and assigns," etc.; that 125 acres of the land, including the dwelling-house and improvements, were situate on the east side of a canal or large ditch, and the remainder on the west side; that M. R. Page and wife, entered

into possession, under the deed, and some time thereafter Elizabeth, the wife, died, leaving her surviving one child by a former husband and three surviving children of another such child, and two children by the marriage with M. R. Page, to wit, Nana Highsmith, all of plaintiffs, and S. C. Page. It further appeared that M. R. Page also had a son, John, by a former wife, but the record does not disclose whether this son is now living. During the marriage, M. R. Page and Elizabeth, by mortgage, and afterwards by deed, conveyed away the portion of the land lying west of the canal, and after the death of said Elizabeth, to wit, in 1903, M. R. Page sold and conveyed the timber, of specified dimensions, on the 125 acres lying east of the canal, to the Eureka Lumber Company, one of the defendants, and later, in February, 1907, he sold to S. C. Page, his son by Elizabeth, the remainder in the 125 acres, subject to his own life estate therein and subject to the conveyance of the timber to the lumber company. There was also allegation, with evidence, on the part of plaintiffs, tending to show that at or before the time of buying the Ross land, in 1875, Elizabeth Page, holding a tract of land as devisee of her former husband, had sold the same and paid the money received therefor as part of the purchase price for the land in controversy, and further that this was done with the understanding and agreement that the purchase of the Ross land, lying east of the canal, the part now in controversy, should belong and be conveyed to Elizabeth Page as her part. The present suit was instituted by the children and heirs at law of Elizabeth Page other than S. C. Page, against M. R. Page, S. C. Page, his son, and the Eureka Lumber Company, to reform and correct the deed; to restrain the cutting of timber by the lumber company and to remove the cloud from the title created by the deeds of M. R. Page to his codefendants.

Numerous and repeated decisions of our Court recognize and apply the principle that where land is conveyed to "husband and wife jointly, they will take and hold an estate by entireties, and that, on the death of one, the whole belongs to the survivor." *Morton v. Lumber Co.,* 154 N. C., 278; *Hood v. Mercer,* 150 N. C., 699; *Jones v. Smith,* 149 N. C., 579; *West v. R. R.,* 140 N. C., 620.

It is also well established with us that where, in a conveyance to a husband and wife, it appears that no such estate was intended, but the parties were to take and hold their interests as tenants in common, the intent as expressed in the deed must be allowed to prevail. (*Isley v. Sellars,* 153 N. C., 374; *Stalcup v. Stalcup,* 137 N. C., 305; *Murer v. Brown,* 133 N. Y., 308), and that this intent must be arrived at from a perusal of the entire instrument. *Hendricks v. Furniture Co.,* 156 N. C., 569; *Triplett v. Williams,* 149 N. C., 394.

In *Hendrick's case* the correct rule was stated as follows: "The court, in construing a contract, will examine the whole instrument with reference to its separate parts to ascertain the intention of the parties, and will not construe as meaningless any part or phrase thereof when a meaning may thus be found by any reasonable construction."

Applying this wholesome rule of interpretation, a perusal of the entire instrument will disclose that, while the deed, in its first clause, purports to be made to M. R. Page and Elizabeth Page, his wife, the parties, throughout the remaining portions of the deed, make it clear that an estate by entireties was not intended. It recites that one-half of the consideration was paid by M. R. Page and one-half by Elizabeth Page out of the sale of her own land, and the conveyance is then made to M. R. Page and his heirs and to Elizabeth Page and her heirs and to their heirs jointly, and in the habendum and the warranty the parties are careful to specify that the same is made to M. R. and his heirs and to Elizabeth and her heirs and *their* heirs and assigns; the intent evidently being that the parties should take and hold as tenants in common, in equal interests, and that of Elizabeth should descend to her children as her heirs at law, subject to curtesy of her surviving husband, M. R. Page.

There was error, therefore, in the judgment of nonsuit, for on the face of the deed we are of opinion that the instrument as now expressed creates a tenancy in common between the husband and wife, and the plaintiffs, the heirs at law of Elizabeth, have an interest in the land which entitles them to maintain the action.

We are of opinion also, as stated, that there is evidence in the record requiring that an issue be submitted as to the alleged

mistake in the original deed from S. R. Ross and wife. This, under our authorities, must be established by clear, strong, and convincing evidence, but where there is testimony sufficient to carry the case to the jury on such an issue, it is with them to determine whether the proof meets the required standard. The rule prevailing in such cases is very well stated in *Gray v. Jenkins,* 151 N. C., 80, as follows: "The evidence to reform a written deed must be clear, strong, and convincing, but when the testimony.is sufficient to carry the case to the jury, as on an ordinary issue, the judge can only lay this down as a proper rule to guide the jury in their deliberations, and it is for them to determine whether, in a given case, the testimony meets the requirements of this rule as to the degree of proof."

This opinion will be certified to the end that the order of nonsuit be set aside and the issues properly arising on the pleadings be referred to a jury.

Reversed.