SAMUEL WITTKOWSKY v. J. W. GIDNEY.

(Decided April 11, 1899).

*Deed—Husband and Wife—Homestead—Notice—Constitution, Article X, Section 8.*

1. A deed executed by the homesteader without the joinder of his wife is not valid.  Constitution, Article X, section 8.
2. A party taking with notice of an equity takes subject to that equity, and the rule of priority, which governs transfers and charges of an equitable interest, is the same as that governing transfers of legal estates—the order of date prevails.
3. If anything appears calculated to excite attention and stimulate inquiry, the party is affected with knowledge of all that the inquiry would have disclosed.

CIVIL ACTION to recover land, tried before *Norwood, J.,*

at Spring Term, 1897, of CLEVELAND Superior Court. Both parties claimed under B. Justice. The plaintiff claimed under a mortgage executed by B. Justice and wife, dated February 5, 1877, and registered same day. It was executed in the presence and in the office of the defendant, who was an attorney-at-law and knew the land intended to be embraced in the mortgage. It was afterwards discovered that a mistake had been made in the description, and that the deed covered an adjoining tract to that intended to be conveyed. The defendant was the draftsman of the deed. In 1883 the plaintiff brought an action to correct the mistake and to foreclose the mortgage. The defendant represented the mortgagors as their attorney and resisted a decree. The Court, however, decreed the relief asked for, directed the mistake to be corrected and ordered a sale to pay the debt secured. The sale was made by a Commissioner, reported and confirmed, and deed directed to be made to the purchaser, the plaintiff, according to the corrected boundaries. The deed was executed and registered 16th May, 1888.

The defendant claimed under a mortgage deed from B. Justice, not signed by his wife, dated and registered February 10, 1883, covering the land in controversy and describing it as the homestead of Justice, assigned under an execution issued from Cleveland Superior Court.

The wife of B. Justice died in September, 1886. The defendant also introduced a mortgage deed for the same land from B. Justice to himself, dated September 15, 1888. This deed was objected to by plaintiff on the ground that defendant had notice of his equity, but the evidence was admitted.

The defendant also read in evidence the record of a suit for foreclosure of his two mortgages from B. Justice—decree, order of sale—sale by commissioner, report, corfirmation

and deed to the defendant, the purchase covering the land claimed by plaintiff.

There were numerous special instructions asked for on both sides—some given and some refused; but after final argument, and further consideration of the case, his Honor instructed the jury that if they believed the evidence in the case, they should find all the issues in favor of plaintiff and assess his damages according to the evidence.

Verdict and judgment for plaintiff. Appeal by defendant.

*Messrs. W. J. Montgomery, Webb & Webb, and G. A. Frick,* for defendant (appellant).

*Messrs. Burwell, Walker & Cansler,* and *Jones & Tillett,* for plaintiff.

FAIRCLOTH, C. J. Action for possession of land. It is not denied that B. Justice had a good title. Both parties claim under him, and neither claims by any title superior to his. The plaintiff owns all the interest conveyed to him and E. Block. The original defendant, J. W. Gidney, has since died and his heirs are now parties.

Facts: On February 5, 1877, B. Justice and wife, Mahala, who died in 1886, agreed to convey by mortgage to plaintiff and E. Block a lot of land (described in the first paragraph of the complaint) containing 125 acres. On that day the defendant Gidney, as attorney of Justice, drew a deed, and by mistake the description embraces an adjoining tract containing 200 acres more or less.

In 1883 (the day does not clearly appear) the plaintiff brought his action against B. Justice and wife and others, entitled *Wittkowski v. Kiser et al,* to have said mistake corrected. The matter was referred, and the report of the referee, finding that there was a mistake in the description

at Fall Term, 1877, was confirmed, and the mortgage of February 5, 1877 was adjudged to be corrected according to the report and the original agreement. There was a foreclosure decree of sale at the same term. Sale was made and the plaintiff became the purchaser on February 6th, 1888, and by order a deed was made to him and registered May 16, 1888. During the pendency of this action the defendant, J. W. Gidney, represented Justice and wife as one of their attorneys.

Both parties put in evidence a mortgage deed from B. Justice *not signed by his wife,* to defendant, J. W. Gidney, and J. C. Gidney, dated and registered February 10, 1883, conveying land described "as the homestead of B. Justice, being the lands set apart to the said B. Justice, as a homestead, under an execution issued from the Superior Court of Cleveland County." The homestead return was also in evidence. The land in said return is the same as that described in the deed of February 10, 1883. Defendant introduced another mortgage deed from Justice to him, dated September 15, 1888, and the record of foreclosure proceedings of the said two mortgages commenced July 22, 1890. It was shown by judgment dockets that on and prior to February 10, 1883 there were several judgments against said B. Justice which were and are still unsatisfied.

We have read thirty or forty prayers for instructions, but we find it unnecessary to discuss them. Issues were submitted and his Honor instructed the jury that if they believed the evidence they should answer:

1. That plaintiff is the owner of the land in dispute.

2. That defendants unlawfully withhold possession thereof.

3. That there was a mistake by the party in describing the land in the deed dated February 5, 1877.

4. That defendant did not purchase the land in controversy for value and without notice of the plaintiff's equity to correct said mortgage of February 5, 1877. Upon these findings judgment was entered in favor of the plaintiff.

The plaintiff has unquestionably a good title unless the defendant has acquired a better one. So we will look to his contention. By his deed, dated February 10, 1893, from B. Justice *without* the wife's signature, the land assigned and allotted to Justice as a homestead was conveyed to him. This conveyance was invalid. The Constitution, Article X, section 8, provides: "That no deed made by the owner of a homestead shall be valid without the voluntary signature and assent of his wife, signified on her private examination according to law," and all our statutes on this subject are in conformity thereto.

Whatever diversity of opinion may have been expressed by members of this Court on the homestead question, in no instance has the Court held that the homesteader, under such facts as are here presented, could convey the land set apart as his homestead without the assent of his wife duly signified; but the Court has repeatedly held that such a conveyance is invalid and passes no interest. *Markham v. Hicks,* 90 N. C., 204; *Castleberry v. Maynard,* 95 N. C., 281, and a number of subsequent cases. The first-named case was a sale under an execution; the second was by the homesteader himself.

The defendant obtained another mortgage from Justice, dated September 15, 1888. The plaintiff insists that the defendant's rights under this deed were subject to the plaintiff's legal and equitable rights, and upon investigation we find that we have to sustain the plaintiff's contention. The defendant drafted the original mortgage deed of 1877 as an attorney. He testified that he knew where the Warlick land

was, and that in taking his deed he knew that Justice's homestead was a part of the Warlick land. He, as an attorney, appeared and resisted the action of the plaintiff for correcting the mistake, heretofore pointed out, which action was closed by a final decree before the defendant took his last deed.

We need not discuss the principles of *lis pendens* either at common law or by statute, as the above facts show that the defendant had not only constructive but actual notice of the pendency of plaintiff's action to perfect his title to the land now in dispute, and of plaintiff's equity.

"If anything appears calculated to excite attention and stimulate inquiry, the party is affected with knowledge of all that the inquiry would have disclosed. *Bunting v. Ricks,* 22 N. C., 130; 2 Pom. Eq. Jur., 680. A learned discussion of the principles of notice is found in *LeNeve v. LeNeve,* 2 L. C. Eq., Part I, page 144.

A party taking with notice of an equity takes subject to that equity, and the rule of priority, which governs transfers and charges of an equitable interest, is the same as that governing transfers of legal estates; that is, that the order of date prevails. Adams' Eq., 145, 148. This rule is in analogy to the rule at law, when different liens are created by docketed judgments, levy or otherwise, *i. e.* priority of date.

Affirmed.