ALICE SPENCE v. THE FOSTER POTTERY COMPANY ET AL.

(Filed 4 April, 1923.)

1. **Trusts—Parol Trusts—Equity—Deeds and Conveyances—Registration —Notice.**

   Certain parol trusts in land are enforceable in this jurisdiction when the holder of the legal title, or those claiming under him, have not acquired it for a fair and reasonable value without notice; and the Connor Act, C. S., 3309, requiring notice by registration as against creditors or purchasers for a valuable consideration from the donor, bargainor, or lessor, necessarily, in contemplation of the express provisions of the statute, refer to such instruments as are in writing and capable of registration.

2. **Same—Purchase for Value.**

   When the plaintiff seeks to engraft a parol trust in his favor against the holder of the legal title to lands, only a bona fide purchaser for value without notice is protected, and this under the broad principles of equity, and creditors expressly referred to in the Connor Act, C. S., 3309, are not included.

3. **Sales—Execution—Judgments—Purchaser—Rights Acquired.**

   A judgment creditor or purchaser at an execution sale can acquire no greater lien or interest in the property of the judgment debtor than such debtor had at the time the judgment lien became effective.

4. **Trusts—Parol Trusts—Possession—Limitation of Actions—Statutes— Husband and Wife — Estates — Entireties — Rights of Creditors— Equity.**

   When it is established that the wife is entitled to have a deed to lands made to her husband corrected to engraft a parol trust on his legal title in her favor, under the doctrine of entireties, or the right of survivorship, allowable between husband and wife, and both have entered into the possession under the husband's deed, which should be corrected for

mistake, etc., and had continued in such possession to the time of the wife's suit, the judgment creditors of the husband can acquire no equitable rights against the enforcement of the parol trust in favor of the wife, the husband having none, though the decree correcting the husband's deed has been entered after the docketing of the judgments, and the suit had been commenced after the claims of the husband's creditors had become valid, and the statute of limitations cannot apply to the enforcement of the wife's equity.

CLARK, C. J., dissenting.

APPEAL by certain judgment creditors, defendants herein, from *Cranmer, J.,* at November Term, 1922, of LENOIR.

Plaintiff, claiming to have an interest in property about to be sold to satisfy demands of judgment creditors of her husband, brought this action to restrain such sales and to have the deed reformed so as to make it show that she and her husband held the estate by entirety, and that it did not belong to her husband individually.

The temporary restraining order was continued to the hearing, and the defendants appealed.

*Moore & Croom for plaintiff.*
*Cowper, Whitaker & Allen for defendants.*

STACY, J. According to the allegations of the plaintiff, she and her husband purchased from D. F. Wooten and wife, on 1 November, 1906, a valuable tract of land situate in Lenoir County. One-half the purchase price of said land came from plaintiff's individual funds, derived from sales of property which she had inherited from her parents; and it was the mutual understanding and agreement that the title to said property was to be taken in the name of J. T. Spence and wife, Alice Spence, vesting in them as grantees an estate by the entirety. See *Freeman v. Belfer,* 173 N. C., 581, and *Bruce v. Nicholson,* 109 N. C., 202, for a full discussion of the nature and character of this estate. It is also alleged that by inadvertence or mistake of the draftsmen the deed was made solely to plaintiff's husband, J. T. Spence, omitting plaintiff's name as his wife entirely therefrom. This error was not discovered by the plaintiff nor by her husband until the fall of 1921, when certain judgment creditors of plaintiff's husband, defendants herein, were threatening to levy executions against the property in question and to have the same sold by the sheriff to satisfy their judgments. No answer has been filed in this cause by J. T. Spence, plaintiff's husband, nor by D. F. Wooten, grantor in said deed. The value of the property is stated to be approximately $13,680, while the judgments of the defendants, which were docketed in October, November, and December of the year 1921, amount in the aggregate to about one-half the value of the land. The

plaintiff and her husband have been in the continuous possession of said property since its purchase on 1 November, 1906.

The judgment creditors, defendants and appellants herein, contend that the plaintiff is barred from setting up her interest in the land against their rights and liens, first, by the provisions of the Connor Act, C. S., 3309, and, second, by the statute of limitations, C. S., 445.

The Connor Act of 1885, now C. S., 3309, provides: "No conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies," etc. It will be observed that this section, in terms, applies only to conveyances of land, contracts to convey, and leases of land for more than three years. Such instruments deal with estates that lie in grant, and, therefore, are required to be in writing under the statute of frauds and under the law of North Carolina. C. S., 988. The primary purpose and intent of the Legislature, in the passage of this act, was to establish a known and ready method for the settlement of conflicting claims and priorities arising from registrations. Hence, from its very nature and purpose it would seem to require that it be restricted to written instruments capable of being registered. There are certain parol trusts, and those created by operation of law, dealing with beneficial interests in lands, which are fully recognized in this jurisdiction. *Jones v. Jones,* 164 N. C., 320, and cases there cited. And it has been held with us consistently that these trusts, though resting in parol, or not evidenced by any writing, may be enforced against the holder of the legal title, unless it appear that such holder, or some one under whom he claims, has acquired his title for a fair and reasonable value and without notice of the trust. Here it will be observed that a bona fide purchaser for value without notice (but not a creditor) is protected against the claim of one in whose favor the trust is sought to be established, not by virtue of the terms of the Connor Act, but on the broad principles of equity.

As said by *Andrews, J.,* in *Newton v. Porter,* 69 N. Y., 133: "It is immaterial in what way the change has been made—whether money has been laid out in land or lands laid out in money, or how the legal title to the converted property may be placed—equity only stops the pursuit when the means of ascertainment fail or the rights of bona fide purchasers for value, without notice of the trust, have intervened. The relief will be moulded and adapted to the circumstances of the cases so as to protect the rights of the true owner."

Thus, we apprehend, if these estates are to be preserved, it must be held that parol trusts, and those created by operation of law, such as are recognized in this jurisdiction, do not come within the meaning and

purview of the Connor Act. No doubt these trusts were purposely omitted from its terms for the reason that, being incapable of registration because not in writing, it was considered unfair and subversive of right to destroy them in favor of one who had acquired his title with full knowledge of their existence. See concurring opinion of *Hoke, J.,* in *Pritchard v. Williams,* 175 N. C., 326, and opinion of *Connor, J.,* author of the act, in *Wood v. Tinsley,* 138 N. C., 507. See, also, *Roberts v. Massey, ante,* 164. Where the statute does not apply, of course, those mentioned in the statute can claim nothing under it. .

In *Bell v. Couch,* 132 N. C., 346, it was held that wills are not within the operation of the act, *Connor, J.,* saying: "The evil which it was intended to remedy was the uncertainty of titles to real estate caused by persons withholding deeds, contracts, etc., based upon a valuable consideration, from the public records"; and the same judge, in *Skinner v. Terry,* 134 N. C., 309, referring to a decree directing a title to be made in an action for specific performance, said: "We would not feel authorized to extend the language of Laws of 1885, ch. 147, to include a decree of the character before us in the record."

The Connor Act is modeled after and is in almost the same language as the act requiring the registration of mortgages and deeds of trust (*Wood v. Tinsley,* 138 N. C., 509); and it was held in *Wittkowsky v. Gidney,* 124 N. C., 441, that an equity to correct a deed could be enforced as against one holding a registered mortgage. It was also held in *Sills v. Ford,* 171 N. C., 733, that this equity for correction may be enforced against a purchaser, claiming under a registered deed, who bought with notice of the equity.

The decision in *Ray v. Long,* 128 N. C., 90; *S. c.,* 132 N. C., 891, is authority for the establishment of a trust like the one here alleged. We are not now concerned with whether or not the plaintiff can make out her case. In support of his Honor's judgment, this will be assumed for present purposes.

It is further contended by appellants, who are judgment creditors of J. T. Spence, that plaintiff's right, if any she has, is now barred by the lapse of time, and they therefore plead the statute of limitations. The plaintiff and her husband have been in the continuous possession of said property since its purchase in 1906, without any apparent abandonment of plaintiff's right, and this, under the authorities, would seem to protect her claim against the bar of the statute. Speaking to a similar question in *Stith v. McKee,* 87 N. C., 391; *Ruffin, J.,* said: "The one may preclude himself by his laches from asserting a right which otherwise the courts would help him to enforce, there are abundant authorities to show. But to do so in any case, there must be something on his part which looks like an abandonment of the right, or an acquiescence in its enjoy-

ment. by another, inconsistent with his own claim or demand, and accordingly we have searched in vain for a single instance in which a court has withheld its aid in the enforcement of an equity, on the ground of the lapse of time when the party seeking it has himself been in the continued possession of the estate to which that equity was an incident." See, also, *Mask v. Tiller,* 89 N. C., 423; *Flanner v. Butler,* 131 N. C., 156; *Norton v. McDevit,* 122 N. C., 759. The husband's possession is considered to be the possession of the wife also, where they are living together. *Faggart v. Bost,* 122 N. C., 520.

A judgment creditor, or even a purchaser at an execution sale, acquires no greater lien or interest in the property of the judgment debtor than the latter had at the time the judgment lien became effective. Such was the direct holding in *Bristol v. Hallyburton,* 93 N. C., 387: "A sale under an execution upon a judgment which is a general lien on all property of the debtor, vests only the interest of the debtor at the time the judgment lien attaches, or such as the debtor might have conveyed by a suitable instrument for a valuable consideration. It is limited to and can rise no higher than the interest of the debtor; a stream cannot rise higher than its fountain. A purchaser under an execution takes all that belongs to the debtor, and nothing more," citing Herman on Executions, sec. 360.

We express no opinion on the merits of the case, but simply affirm his Honor's ruling in continuing the restraining order to the hearing.

Affirmed.

CLARK, C. J., dissenting: On 1 November, 1906, D. F. Wooten and wife conveyed in fee simple to J. T. Spence, the husband of the plaintiff, the lands referred to; the deed was properly probated and recorded in Lenoir, 2 February, 1907, and has continuously appeared on record since that date as a deed to J. T. Spence. The appellants have for 15 years been dealing with said J. T. Spence, and have given him credit from time to time upon examination of the records and upon implicit faith that he owned the land as appears from said records. Said Spence, from time to time having obtained large credits upon the faith of the ownership of the land, finally failed to make payments, and the several defendants herein obtained judgments in the amounts appearing in the exhibits in this cause, which were docketed in October, November, and December, 1921.

The defendants, judgment creditors, then proceeding to enforce the judgment by executions issued therein on 30 January, 1922, the *feme* plaintiff instituted suit against her husband and those holding judgment liens on the land to have the deed, made 15 years previous to her husband, decreed to be a deed to herself and husband by entireties,

alleging that at the time of the making of the deed it was understood by her husband and the grantor that the title should be vested in herself and her husband as tenants by the entireties. It is not alleged that the wife had any such understanding, which was between her husband and the grantor. It is alleged, it is true, that the land was paid for partly by her husband and partly out of the proceeds of sales of lands which she had inherited from one or both of her parents, but she does not state the exact amount of her funds, nor does she specify the lands out of which it came, nor does she appear to know whether it came from one or both of her parents. It is further alleged that her husband did not discover the said error until the fall of 1921, and that only thereafter did he disclose his mistake to her.

There is but one single question presented, and that is whether the claimant of a parol trust under these circumstances, after the lapse of 15 years, can have the title passed to her by decree of court in priority to the liens of valid judgments duly docketed against the debtor.

This question has been answered in the negative by several decisions of this Court, and, notably, by two of very recent date. In *Wimes v. Hufham,* filed at this term, it was held, *Stacy, J.,* that where the judgment against a party is regular in all respects, the lien of such judgment has priority against an unregistered mortgage, which had effect only from registration thereof. That case relies upon *Mills v. Tabor,* 182 N. C., 722 which holds that where there is a lien by judgment against the holder of an equitable title under a registered mortgage from a grantee under an unregistered deed to secure the balance of the purchase money, the judgment lien takes priority over the mortgage when the deed to the mortgagor was not registered until after the docketing of the judgment. That is, that the judgment creditor has priority over the mortgagee even under a prior registered mortgage when the mortgagor's title was registered after the judgment lien against his grantor had been acquired by docketing. It follows, therefore, that if there is a parol trust which the holder thereof was entitled to have executed by the trustee, and the trustee executes such deed, but it is not registered until after a judgment obtained by a creditor of the trustee has been docketed, the judgment lien has priority. When, therefore, the holder of the parol trust does not even have the same executed by deed, he certainly cannot be in a better position than one to whom the trustee has actually conveyed, but who has not registered his deed until after the docketing of the judgment against such trustee.

C. S., 3309, known as the "Connor Act," on its face was intended to protect *"creditors* or purchasers for valuable consideration." It did not have as its sole object protection to purchasers for value, but includes in its alternative terms "creditors." The title in this case had been vested,

on the record, in J. T. Spence for 15 years, and a deed from him would have unquestionably given a good title to a purchaser for value and without notice of claim of the wife, as in this case; and creditors, under C. S., 3309, who have extended credit upon the faith of the said recorded deed, and without notice of the claim of the wife, and especially those who have acquired judgment liens, cannot be defeated by a decree for the execution of a parol trust after the docketing of the judgment liens.

It matters not whether the party asserting the parol trust was the wife or any other person for the fact that the wife lived on the premises with the husband was no notice to the public of any claim by her of title to the land by parol trust or otherwise. The only difference is that if this claim can be substantiated, it aggravates the injustice to the judgment creditors because if the estate by the entireties can thus be set up and proven, after the lapse of 15 years, it would bar the creditors from collecting anything by a sale under execution against the husband of any interest whatever in the lands.

In *Latham v. Latham,* 184 N. C., 64, at p. 65, quoting from *Dunn v. Beaman,* 126 N. C., 771, the Court said that when the facts appeared in the record that the parties are affected with notice. In that case the land was devised in 1844 to the children of John R. Beaman; the father qualified as guardian for the children and filed an *ex parte* petition for sale of the land, the sale was confirmed, and the guardian received the purchase money, but his children did not know until three years prior to the beginning of their action that the land had ever been devised to them, that their father was guardian, or that the land had been sold. The children relied on the ground that they had discovered the facts only within three years. Their contention was not sustained, but it was held that their cause of action was barred. The Court said: "The children had legal notice of the facts. The will of Carraway, under which that title accrued, was probated and recorded in 1844, and the land devised to them was sold for partition in 1861"; but the Court held that the conveyance to the purchasers was notice to the children as well as to all the world. In the case at bar the deed to the husband was registered, which was notice to the wife as well as to all the rest of the world.

In *Cox v. Brower,* 114 N. C., 422, *Burwell, J.,* said: "No person ought to be permitted to lie by while transactions can be fairly investigated and justly determined until time has involved them in uncertainty and obscurity, and then ask for an inquiry. Justice cannot be satisfactorily done when parties and witnesses are dead, vouchers lost or thrown away, and a new generation has appeared on the stage of life unacquainted with the affairs of a past age. . . . Hence, statutes of limitation have been enacted in all civilized communities, and in cases

not within them, prescription or presumption is called in as an indispensable auxiliary to the administration of justice."

The application of these principles cannot be more clearly illustrated than in the present instance. The creditors, after investigating the record, finding the property vested in the husband by a fee-simple title from the previous owner registered 15 years, extended credit to the grantee. If now the wife can set up an alleged oral and secret agreement with her husband, it would be impossible for the creditors to investigate the alleged transaction or disprove her statement of the sources from which the money came which the husband used in the purchase of this property.

If the contention of the plaintiff in this case is sustained, there can be no credit safely extended to any husband except upon a mortgage duly executed with joinder of the wife. Indeed, it would not be safe to extend credit to any man whatever, except upon a mortgage, if upon allegation of an oral trust after the lapse of 15 years title can be decreed to be in the claimant superior to the lien of docketed judgments.

In *Dunn v. Beaman, supra,* the children were not allowed to recover upon the allegation of a trust after the lapse of 3 years. The statute of limitations would run against a wife where she has a claim against her husband as fully as against any one else, *Graves v. Howard (Allen, J.),* 159 N. C., 594, for a wife can maintain an action against her husband as fully as against any one else. C. S., 454 (2); *Crowell v. Crowell,* 180 N. C., 516. Coverture is now no defense to her, *Carter v. Reaves,* 167 N. C., 132; *Manning v. Manning,* 79 N. C., 293, and statutes of limitations apply against the wife as if single.

If in this case the action is on the ground of mistake in the omission of the wife's name from the deed, three years is a complete bar against her as against any one else, C. S., 441 (9); and if on any other ground she would be barred by the 10 years statute, C. S., 445, and cases cited under that section. But even if the husband could not have the benefit of the statute as against his wife, it is very certain that the creditors who acquired a lien upon his property by virtue of the prior docketed judgments would be protected. *Mills v. Tabor,* 182 N. C., 722; *Wimes v. Hufham, ante,* 178.

The plaintiff relies upon *Wittkowsky v. Gidney,* 124 N. C., 441, that an equity to correct a deed can be enforced even against one holding a registered mortgage so that even a registered mortgage would be no protection. But in that case the deed was executed on the homestead without the joinder of the wife, and therefore on its face it was invalid and notice to the party taking it.

Nothing of that kind appears in the present case, for here John T. Spence took a deed for this property which upon its face was valid in

every respect. It was duly recorded, and for 15 years the defendants have been extending credit to him upon the faith of his ownership of the property. There was no equity of any kind, or any circumstances, putting these creditors on notice of any defect. As already said, the fact that the wife was living with her husband, was no notice of any assertion of title by her as against him or against his creditors, C. S., 3309.

The plaintiff also relied upon *Sills v. Ford,* 171 N. C., 733, where the Court held that the equity for correction may be enforced against the purchaser.claiming under registered deed who bought with notice of the equity, and the same is true in *Ray v. Long,* 128 N. C., 90; *S. c.,* 132 N. C., 891, where the establishment of the interest of the wife was based upon notice of the equity.

If it were true that the wife in this case, where there was no notice of an equity, could assert an oral trust for the conveyance of land because of alleged advancement of part of the purchase money to the detriment of creditors who have dealt with the husband upon faith of his property and have acquired judgment liens thereon, then it would follow that any other person whatsoever who has made advancements on an oral trust to be used as part of the purchase money, could have a decree for conveyance to the detriment of creditors after any lapse of time to the utter destruction of all credit upon the faith of property recorded in the name of the debtor.

If the debtor, upon receiving the purchase money, or thereafter, on such alleged trust, had actually executed a deed which remained unregistered, the creditor who holds a judgment or other lien on record has a superior right to the claimant under the unregistered deed, C. S., 3309. By no process of reasoning can one who has advanced money upon a verbal unexecuted agreement to convey, be in a better situation than one to whom the debtor has actually executed a deed, but which has not been registered.

As already stated, the possession of the husband is no notice to his creditors of an equity, or of an oral trust, in favor of the wife, certainly not as against her husband's judgment creditors who have extended credit in good faith and obtained judgment liens. If this were not so, it would be a most serious blow to business dealings in this State. Credit cannot be extended upon any sort of certainty if after an investigation of the records it being found that the proposed debtor owns property entitling him to credit, and he has in consequence thereof obtained large credits and judgment liens have been acquired against him, his registered deed can be set aside by his wife, or any one else, upon the allegation of an oral trust of which the creditors had no notice. The late case of *McNinch v. Trust Co.,* 183 N. C., 33, fully sustains the contentions of the defendant in this case.

The cases in which a wife has procured a decree upon an oral trust making her a tenant in entireties with her husband have no application against the holders of the docketed judgments upon the circumstances of this case, and the restraining order against the judgment creditors in this case should have been denied.